## STATE ex rel. HUBBARD et al. v. MURRAY et al.

No. 26869.　Jan. 19, 1937.

Rehearing Denied March 2, 1937.

Massingale & Bailey, for plaintiffs in error.

Lowell R. Smith, Co. Atty., Jones & Wesner, and Mitchell & Mitchell, for defendants in error.

PHELPS, J. This action was brought for the recovery of the penalty prescribed by sections 5964 and 5965, O. S. 1931, commonly called the common informer statutes. The plaintiffs were resident taxpayers of the county and the defendants were two of the county commissioners and the board of county commissioners.

The disbursements of money involved herein, which are claimed to be illegal, fall into two classes: (a) Payment to two of the county commissioners of $1.50 per day for those days actually served by them as overseers of the poor, pursuant to sections 7542, 7543, and particularly section 7574, O. S. 1931; (b) the payment to them of their salary at the rate of $75 per month for eight months of the year, totaling $600, and nothing the remaining four months, instead of paying it at the rate of $50 per month for 12 months, likewise totaling $600, their statutory amount of compensation. The case was submitted on a stipulation of facts and the trial court rendered judgment for the defendants as to the amount

paid for overseeing the poor, and for the plaintiffs on the question of premature payments of part salary, but only for interest at 12 per centum on the excess of the premature part of the monthly payments, denying plaintiffs recovery for any of the principal amounts thus actually paid. The plaintiffs appeal, complaining of both parts of the judgment.

Let us first consider the controlling sections of the statutes. Sections 5964 and 5965, O. S. 1931, are set forth below. The portions thereof which govern this case are set in special type, so that those portions may be read as a connected whole, omitting parts not material to this particular action, and thereby avoiding confusion:

"5964. **Every officer of any county,** township, city, town or school district, **who shall hereafter order or direct the payment of any** money or transfer of any property belonging to such county, township, city, town or school district **in settlement of any claim known to such officers to be fraudulent or void,** or in pursuance of any unauthorized, unlawful or fraudulent contract or agreement made or attempted to be made for any such county, township, city, town or school district by any officer thereof, **and every person, having notice of the facts,** with whom such unauthorized, unlawful or fraudulent contract shall have been made, or **to whom,** or for whose benefit **such money shall be paid** or such transfer of property shall be made, **shall be jointly and severally liable in damage to all innocent persons in any manner injured thereby, and shall be furthermore jointly and severally liable to the county,** township, city, town or school district **affected, for double the amount of all such sums of money so paid,** and double the value of property so transferred, **as a penalty, to be recovered at the suit of the proper officers of such county,** township, city, town, or school district **or of any resident taxpayer thereof, as hereinafter provided."** (C. O. S. 1921, sec. 8590; R. L. 1910, sec. 6777; S. L. 1901, ch. 25, art. 2, sec. 2).

"5965. **Upon the refusal, failure or neglect of the proper officers of any county,** township, city, town or school district, **after written demand made upon them by ten resident taxpayers of such county,** township, city, town or school district, **to institute or diligently prosecute proper proceedings at law** or in equity for the recovery of any money or property belonging to such county, township, city, town or school district, paid out or transferred by any officer thereof in pursuance of any unauthorized, unlawful, fraudulent or void contract, made, or attempted to be made, by any of its officers for any such county, township, city, town or school district, or **for the penalty provided in the preceding section any resident tax-**

payer of such county, township, city, town or school district affected by such payment or transfer after serving the notice aforesaid and after giving security for cost, may in the name of the State of Oklahoma as plaintiff, institute and maintain any proper action which the proper officers of the county, township, city, town or school district might institute and maintain for the recovery of such property, or for said penalty; and such municipality shall in such event be made defendant, and one-half the amount of money and one-half the value of the property recovered in any action maintained at the expense of a resident taxpayer under this section, shall be paid to such resident taxpayer as a reward." (O. O. S. 1921, sec. 8591; R. L. 1910, sec. 6778; S. L. 1901, ch. 25, art. 2, sec. 3.)

Being penal statutes, the above have always been strictly construed in this jurisdiction. No property or contract is involved in this action, therefore we look to those portions involving payment of money belonging to the county, which portions are set in special type above. It may there be observed that the class of payments for which recovery of the penalty is provided is those "in settlement of any claim known to such officers to be fraudulent or void."

The payments of $1.50 per day to the two county commissioners who are the principal defendants here, for time actually and necessarily devoted to overseeing the poor, appear to be authorized by our statutes. The plaintiffs contend that the section authorizing such payment has been repealed by implication. The plaintiffs may or may not be correct in that contention; it is immaterial to this appeal and we do not rule upon it. Whether or not it has been repealed by implication, which is a judicial question, it nevertheless appears in our 1931 Statutes as section 7574, and, with the authorization to all reasonable appearances plainly appearing before the defendants, in the statutes, we see no basis upon which the trial court could have held that such payments were "in settlement of any claim known to such officers to be fraudulent and void," such as to inflict the penalty of double recovery upon them, even if single recovery under some other or proper theory were permissible, which question is not before us.

Of the 1931 Statutes, section 7542 constitutes the county commissioners overseers of the poor and charges them with performance of the duties imposed by section 7543, which places upon them the oversight and care of the poor, to see that such poor are properly relieved and taken care of in the manner

provided by law, while for such extra services section 7574 provides:

"The overseers of the poor in each county shall be entitled to receive each one dollar and fifty cents per day for each and every day during which they shall necessarily be employed in the discharge of their several duties as such, to be allowed by the board of county commissioners." (O. O. S. 1921, sec. 8232; R. L. 1910, sec. 4546; S. 1903, sec. 3957; St. 1893, sec. 3663; St. 1890, sec. 4027; Dak. 2159.)

It is argued by plaintiffs that in the year 1912 in Ticer v. State ex rel. Holt, 35 Okla. 1, 128 P. 493, it was held that chapter 21 of S. L. 1901 by implication repealed this section, while the defendants construe that decision oppositely. The plaintiffs also point out that the Attorney General, on the strength of such decision, has informed several county attorneys, upon their request, that section 7574, supra, is inoperative and that no authority exists for making the payments which are therein apparently authorized. On the other hand, the defendants argue that since the decision in the Ticer Case the section has been in effect re-enacted by repeated validating acts of the Legislature. As we see it, that argument, though interesting, is somewhat foreign to the question before us. Where it is not necessary for us to decide whether a statute is in effect or is not in effect, as a general rule we will not do so. Certainly we should not do so if it will make no difference in the proper disposition of the case. We think that this is a function belonging more properly in the field of legislation. Possibly the Legislature, which is now in session, may make whatever clarification it deems necessary, in its own discretion. Such clarification is highly desirable, and needed at this time.

As stated above, if the issue here were the simple recovery of the single amount of the money itself, we would have a different question before us, but it must be remembered that this action was brought under a penal statute, partly in the nature of a punishment or akin to punitive damages, which statute requires that the claim paid must have been known to the officers to be fraudulent or void. While in such an action it is not usually held necessary that the plaintiff must prove the actual state of mind of the offending officers, it being sufficient that they paid out money where either it was prohibited or was not authorized by law, or was of a class which would be authorized but for the fraud attending the particular transaction, it cannot be held (at least in the absence of actual knowledge,

or that which on inquiry would have led to such knowledge) that an officer making a claim which appears plainly to be authorized by the statutes before him, for services which he has actually performed, knows that he is not entitled to the money, or that his claim is fraudulent. It is said in the briefs that the county attorney advised the defendants that the payments were authorized. That may have been the county attorney's belief. On such evidence we will not place the stigma of fraud and dishonest dealing upon the defendants.

On the other phase of the case, however, the state of mind of the defendants would be immaterial. They drew $75 per month for their regular salary as county commissioners, while section 7856, O. S. 1931, permits in a county of that population only $50 per month. (The language of the statute is that they shall have an annual salary of $600, payable monthly.) Each and every month in which said county commissioners overdrew their salaries by $25 their claims were to that extent void, if not fraudulent, and the informer statutes cover both. At the end of the eighth month of the fiscal year, they were thus "overdrawn," **at that time,** $200.

This action was filed during the latter part of the last month of the fiscal year. In the meantime (that is, since the eighth month) the defendants had drawn no salary at all. As stated in the beginning, instead of drawing their authorized annual $600 salary at $50 for twelve months, they drew it at $75 for eight months. They were entitled to $600 and they drew $600. At each of the times when they drew it, in installments, there was a part of it to which they were not entitled. They may have been criminally liable. Sections 2471 and 5968, O. S. 1931. When the case was filed, or near thereabouts, lacking a few days, they had drawn no more than they were entitled to. It is true, they had in the past drawn it "faster" than they were entitled to it; they had used the county's money, or the monthly $25 of it, in a manner not authorized by law, and probably it was for this reason that the trial court awarded plaintiffs 12 per centum interest, since the penalty is double, and 12 per centum would be double the legal rate, 6 per centum. We say, they drew it out in larger installments than were authorized (and an action filed at that time may have resulted differently), but nevertheless, after the year had passed, and the action had been filed, they had drawn no more than they were due; the county was not one cent worse off nor had spent one cent more than it would have spent for this purpose anyway. Had it been adjudged that the principal of their liability to the county was $200, on the theory that the excess $25 as it was paid each month was not at that time due, then, as between them and the county, the county would have been indebted to them in the same sum for the four months in which they had drawn nothing. After the passing of the year no person, innocent or otherwise, nor the county, had been damaged. There had been no overpayment.

We do not intend to condone such practices as were here indulged in, but at the same time we do not feel warranted in extending the terms of this statute to visit punishment upon those who in retrospection have been guilty of little, if anything, worse than technical maladministration, unaccompanied with any actual damage or total expenditure in excess of that authorized and in fact required by the law. Under the circumstances, it appears that the judgment of the trial court was probably as nearly correct as could have been provided for the unusual circumstances of this particular case.

The judgment is affirmed.

BUSBY, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., concurs in conclusion. OSBORN, C. J., and WELCH and CORN, JJ., dissent. RILEY, J., absent.